IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-178-BO

| | | |
|---|---|---|
| JOSE FALENCIA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. A hearing on the motions was held before the undersigned on January 12, 2017, at Elizabeth City, North Carolina. For the reasons detailed below, this matter is remanded for further proceedings.

## BACKGROUND

Plaintiff, Jose Jones, protectively applied for disability insurance benefits (DIB) under Title II of the Social Security Act on August 27, 2013, alleging an onset date of October 13, 2012. His claim was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on May 28, 2015, in New Bern, North Carolina at which plaintiff and his representative appeared in person and at which a vocational expert appeared by telephone. The ALJ considered plaintiff's claim *de novo* and issued an unfavorable decision on July 16, 2015. The Appeals Council then denied plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. Plaintiff then timely sought review in this Court.

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations (Listing). *Id.* Fourth, a claimant must not have the residual functional capacity (RFC) to meet the demands of the claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's RFC, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found at step one that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Next, the ALJ determined that plaintiff's osteoarthritis of the left knee and shoulder, spine disorder of the lumbar spine, anxiety (post-traumatic stress disorder (PTSD)), and affective disorder were severe

2

impairments. However, the ALJ found that none of plaintiff's impairments or combination of impairments met or equaled a Listing. The ALJ then found that plaintiff had the RFC to perform medium work with additional exertional and nonexertional limitations. The ALJ determined that plaintiff was unable to perform any past relevant work, which included work as an operator engineer, but found that, considering plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that claimant could perform. These jobs would include store laborer, automobile detailer, and kitchen helper. Accordingly, the ALJ found that plaintiff was not disabled as of the date of his decision.

Plaintiff argues that the ALJ erred by failing to properly consider plaintiff's Veterans Affairs (VA) disability rating. As a foundational matter, an ALJ is not bound by a disability decision by another governmental agency, such as the VA. SSR 06-03p. However, the Fourth Circuit has noted that "both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability" and, thus, "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Bird v. Comm'r of SSA*, 699, F.3d 337, 343 (4th Cir. 2012). The ALJ is relieved from this only when "the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.*

Here, the ALJ was aware plaintiff's VA disability determination existed and referred to it in the decision, including that plaintiff was given 100% disability rating for PTSD and bipolar disorder. Tr. 22; 418. Despite knowing that the decision existed, the ALJ gave the VA decision little weight because the rating decision had not been submitted. Tr. 23. The ALJ further noted that the VA uses disability criteria which is "vastly different" from the Social Security criteria

3

and that, to the extent the VA decision was based on the same medical evidence before the ALJ, it has been considered as outlined in the ALJ's decision. Tr. 22.

The ALJ did not order and review the actual VA disability determination. While the Court recognizes that the burden is with the plaintiff in steps one through four of the disability determination, "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). Here, without reviewing the determination, the ALJ had an insufficient basis for assigning it little weight, nor could the ALJ determine that deviation therefrom was appropriate. Additionally, the VA determination was submitted post-hearing. Accordingly, the Court finds that remand is appropriate for the ALJ to consider and weigh the VA determination in accordance with *Bird*.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is GRANTED [DE 12], defendant's motion for judgment on the pleadings is DENIED [DE 14], and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this __1__ day of ~~February~~ March, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE